```
JS 44                                                                                    04-00022
(Rev. 3/99)                         CIVIL COVER SHEET
```

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
MOMOKA OHNO
ATSUROU OHNO
AKIKO OHNO

**DEFENDANTS**
TRIPLE J RESTAURANT GROUP, INC. dba
OUTBACK STEAKHOUSE, OUTBACK INTERNATIONAL
AND DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Japan
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Guam
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas L. Roberts, Esq., Dooley Roberts
& Fowler LLP, 865 S. Marine Drive, Ste. 201
Tamuning, Guam 96913; 671-646-1222

ATTORNEYS (IF KNOWN)
Unknown

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This cause of action is brought under this court's diversity jurisdiction, 28 U.S.C. Sec. 1332. The amt. in controversy, exclusive of costs and interest, exceeds $75,000.00. Plaintiffs are citizens of Japan and Outback is incorporated under the laws of Guam. Venue is proper under 28 USC Sec. 1391.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ TO BE PROVEN AT TRIAL
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/23/2004
SIGNATURE OF ATTORNEY OF RECORD: THOMAS L. ROBERTS /s/

RECEIVED APR 23 2004 DISTRICT COURT OF GUAM HAGATNA, GUAM

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone No.:(671) 646-1222
Facsimile No.: (671) 646-1223

Attorneys for Plaintiffs
Momoka Ohno, Atsurou Ohno
and Akiko Ohno

# IN THE DISTRICT COURT OF GUAM

MOMOKA OHNO, ATSUROU OHNO, and ) CIVIL CASE NO. CV 04-00022
AKIKO OHNO )
)
Plaintiffs, )
)
vs. ) COMPLAINT and DEMAND FOR JURY
) TRIAL
TRIPLE J RESTAURANT GROUP, INC., )
dba OUTBACK STEAKHOUSE, )
OUTBACK INTERNATIONAL, and DOES )
1-10, )
Defendants. )
)

Plaintiffs Momoka Ohno ("Momoka"), Atsurou Ohno ("Atsurou"), and Akiko Ohno ("Akiko") (collectively the "Ohnos") for their claims against Defendants Triple J Restaurant Group, Inc., dba Outback Steakhouse (Outback) and DOE Defendants (collectively "Defendants") allege as follows:

## JURISDICTION

1. This case is brought under this Court's diversity jurisdiction, 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Plaintiffs are citizens of Japan. Outback is incorporated under the laws of the territory of Guam.

ORIGINAL

FILED
DISTRICT COURT OF GUAM
APR 23 2004
MARY L. M. MORAN
CLERK OF COURT
1

Complaint and Demand for Jury Trial
*Momoka Ohno, et al. vs. Triple J Restaurant Group, Inc., et al.*
Civil Case No. CV-_____
Page 2 of 7

## VENUE

2. Venue in the District of Guam is proper under 28 USC § 1391 because Outback resides in Guam, and because a substantial part of the events and omissions giving rise to the claims occurred in the District of Guam.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3. Momoka is a natural person, a citizen and resident of Japan, a minor, and the daughter of Atsurou and Akiko.

4. Atsurou is a natural person, a citizen and resident of Japan, the father of Momoka and the husband of Akiko.

5. Akiko is a natural person, a citizen and resident of Japan, the mother of Momoka and the wife of Atsurou.

6. Outback is incorporated under the laws of the territory of Guam with its principle place of business on Guam.

7. The DOE Defendants are business entities or individuals who bear responsibility for the acts alleged herein, though their identities are not yet known. When such identities become known, the Ohnos will specifically name any such Defendants in place of the DOE Defendants.

8. On April 18, 2003, the Ohnos were patrons of the Outback Steakhouse in Tumon, Guam.

Complaint and Demand for Jury Trial
*Momoka Ohno, et al. vs. Triple J Restaurant Group, Inc., et al.*
Civil Case No. CV_____
Page 3 of 7

9. During the course of the dinner, Atsurou and Akiko ordered two (2) orange juices and one (1) Sprite. One of the orange juices was for Momoka, who was then about nineteen (19) months old.

10. Outback's server delivered a drink to Momoka, orange in color, which appeared to be the orange juice her parents had ordered for her. Akiko then asked the Outback server for a smaller straw for Momoka, whereupon the server replaced Momoka's straw.

11. After drinking what her parents believed was orange juice, Momoka began to visibly shake and fell unconscious.

12. Upon seeing his daughter's collapse, Atsurou smelled and tasted the remainder of Momoka's drink and discovered that it was not merely orange juice, but was instead what is commonly known as a "screwdriver," consisting of vodka and orange juice. Akiko immediately informed Outback's server that Momoka had been served alcohol, which the server denied, insisting that Momoka had only been served orange juice.

13. The Ohnos then attempted to rush the unconscious Momoka to the hospital, but were physically detained by Outback's servers and management until they paid their bill. After finally arriving at the Guam Memorial Hospital ("GMH"), physicians determined that Momoka was suffering from alcohol poisoning and that she had nearly died. Subsequent physicians in Japan suspect that Momoka may have suffered permanent brain damage as a result of the alcohol poisoning.

Complaint and Demand for Jury Trial
*Momoka Ohno, et al. vs. Triple J Restaurant Group, Inc., et al.*
Civil Case No. CV _____
Page 4 of 7

### FIRST CAUSE OF ACTION:
### NEGLIGENCE (Momoka)

14.     Plaintiffs reallege and incorporate Paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15.     Outback owed a duty to exercise reasonable care for the protection of its patrons and its patrons' children.

16.     In serving alcohol to Momoka, Outback breached its duty of care.

17.     Outback's breached of its duty of care was the actual and proximate cause of Momoka's injuries.

18.     As a result of Outback's negligence, Momoka suffered injuries and will continue to suffer injuries, including possible permanent brain damage, emotional and physical distress, pain and suffering, loss of enjoyment of life, and past, present, and future medical expenses.

### SECOND CAUSE OF ACTION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Atsurou and Akiko)

19.     Plaintiffs reallege and reincorporate Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     Outback had a duty to both Atsurou and Akiko to avoid conduct likely to cause them severe emotional distress.

21.     Atsurou and Akiko were physically present when poisoned Momoka with alcohol. They watched her consume her drink and fall into unconsciousness. They were personally and

Complaint and Demand for Jury Trial
*Momoka Ohno, et al. vs. Triple J Restaurant Group, Inc., et al.*
Civil Case No. CV-_____
Page 5 of 7

physically detained by Outback servers and management when they tried to rush Momoka to the hospital until they paid their bill. They accompanied Momoka to the hospital.

22. By its conduct, as alleged herein, Outback breached its duty to avoid conduct likely to cause severe emotional distress to Atsurou and Akiko.

23. As a legal and proximate result of Outback's conduct, as alleged herein, Atsurou and Akiko suffered and continue to suffer severe emotional distress and resulting physical injuries, including emotional and physical distress, pain and suffering, loss of enjoyment of life, loss of wages, income and profits, and past, present, and future medical expenses.

**THIRD CAUSE OF ACTION:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Atsurou and Akiko)**

24. Plaintiffs reallege and reincorporate Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. After Momoka fell unconscious, Atsurou and Akiko attempted to rush Momoka to the hospital.

26. Aware that Momoka had fallen unconscious after ingesting an alcoholic beverage delivered by Outback servers as an orange juice, Outback servers and management physically prevented the Ohnos from leaving the Outback premises until they paid their bill.

27. Outback's detention of the Ohnos was extreme and outrageous conduct of a kind likely to cause severe emotional distress.

Complaint and Demand for Jury Trial
*Momoka Ohno, et al. vs. Triple J Restaurant Group, Inc., et al.*
Civil Case No. CV-_____
Page 6 of 7

28. Outback's conduct was undertaken in conscious disregard for likely physical harm to Momoka resulting from delayed treatment and in conscious disregard for the severe emotional distress that conduct would likely cause Atsurou and Akiko.

29. As a proximate and legal result of Outback's conduct, as alleged herein, Atsurou and Akiko have suffered severe emotional distress and resulting emotional and physical injuries.

**FOURTH CAUSE OF ACTION:**
**LOSS OF CONSORTIUM (Atsurou)**

30. Plaintiffs reallege and reincorporate Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Outback had a duty to Atsurou to not interfere with the marital relations of Atsurou and Akiko.

32. Outback's conduct, as alleged hereinabove, has caused mental and physical injury to Akiko, such that Akiko is no longer capable of providing the love, affection, companionship, comfort or sexual relations concomitant with a normal married life, resulting in physical, psychological and emotional pain and anguish to Atsurou.

33. As a result of Outback's conduct, Atsurou was damaged in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION:**
**LOSS OF CONSORTIUM (Akiko)**

34. Plaintiffs reallege and reincorporate Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

Complaint and Demand for Jury Trial
*Momoka Ohno, et al. vs. Triple J Restaurant Group, Inc., et al.*
Civil Case No. CV-_____
Page 7 of 7

35. Outback had a duty to Akiko to not interfere with the marital relations of Atsuron and Akiko.

36. Outback's conduct, alleged hereinabove, has caused mental and physical injury to Atsuron, such that Atsuron is no longer capable of providing the love, affection, companionship, comfort or sexual relations concomitant with a normal married life, resulting in physical, psychological and emotional pain and anguish to Akiko.

37. As a result, Akiko has been damaged in amounts to be proven at trial.

## DEMAND FOR JURY TRIAL

The Ohnos request a jury trial on all issues.

WHEREFORE, Plaintiffs respectfully pray for judgment against Outback as follows:

1. General damages in amounts to be proven at trial;
2. Special damages in amounts to be proven at trial;
3. Punitive damages in amounts to be proven at trial;
4. Lost wages, earnings and profits; and
5. Such other relief as the court deems proper.

DOOLEY ROBERTS & FOWLER LLP

Dated: April 23, 2004.

By: 
THOMAS L. ROBERTS
Attorneys for Plaintiffs Momoka Ohno,
Atsuron Ohno and Akiko Ohno

F:\Documents\tdiaz\OHNO\Ohno Complaint Final 04232004.doc

Case 1:04-cv-00022   Document 1-2   Filed 04/23/2004   Page 8 of 9

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of GUAM

MOMOKA OHNO, ATSUROU OHNO &
AKIKO OHNO

v.

TRIPLE J RESTAURANT GROUP, INC.,
dba OUTBACK STEAKHOUSE, OUTBACK
INTERNATIONAL & DOES 1-10

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 04-00022

TO: (Name and address of Defendant)

TRIPLE J. RESTAURANT GROUP, INC.
DBA OUTBACK STEAKHOUSE
-AND-
~~OUTBACK INTERNATIONAL~~
~~Tumon, Guam~~

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Thomas L. Roberts, Esq.
Dooley Roberts & Fowler LLP
865 S. Marine Drive, Suite 201
Orlean Pacific Plaza
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran                           APR 23 2004
CLERK                                      DATE

/s/ Shirlene A. Ishizu
(By) DEPUTY CLERK

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): ______

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______ Date ______ *Signature of Server*

______ *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.